(No. 75-CV-95—)

CORESIA WASHINGTON, on behalf of CORNELL WASHINGTON, a minor, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 23, 1975.*

CORESIA WASHINGTON, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on June 3, 1974, at the vicinity of 112 North Lotus, Chicago, Cook County, Illinois. Coresia Washington, the claimant, seeks payment of compensation for injuries incurred by her dependent son, Cornell Washington, pursuant to the provisions of the "Crime Victims Compensation Act." *Ill. Rev. Stat., Ch. 70, §70 et seq.* (hereafter referred to as the "*Act*".)

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant's dependent son, Cornell Washington, age 18, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery". (Ill. Rev. Stat., 1973, Ch. 38, §12-4.)

2. That on June 3, 1974, the claimant's son was shot by Charles Keesee after the victim had refused to participate in robberies planned by the assailant. Prior to the shooting, the victim was sitting with his girlfriend on the porch of her home.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon him.

4. That the victim sustained numerous injuries for which he was hospitalized and received surgery. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in the opinion by reference.

5. The assailant, Charles Keesee, Indictment No. 74-1810, was convicted of aggravated battery in Cook County Criminal Court on August 12, 1974.

6. That there is no evidence that the victim and his assailant were related or sharing the same household.

7. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance.

8. That the victim at the time of his injury was unemployed and not contributing to the support of the claimant.

9. That the claimant incurred medical and hospital expenses for the victim which were not covered by insurance or other compensation, and the gross amount of the pecuniary loss as computed before deductions and setoffs is as follows:

| | | |
|---|---|---|
| 1) | Hospital (Loretto) | $4,739.50 |
| 2) | Medical | 998.00 |

$5,737.50

10. That, in determining the amount of compensa-

tion to which an applicant is entitled, §7(d) of the Act states that this court —

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)."

That, in the claim before us, no benefits were received by the claimant, as contemplated by §7(d) of the Act. The statutory deduction of $200 having been deducted from the gross amount of loss shown in ¶9, leaves an amount of $5,537.00 as the actual compensable loss sustained by the claimant.

IT IS HEREBY ORDERED that the sum of $5,537.50 be awarded to the claimant, Coresia Washington, as a relative who assumed the hospital and medical expenses for Cornell Washington, her dependent son and the victim of a violent crime.

IT IS FURTHER ORDERED that the sum of $999.99 (NINE HUNDRED NINETY-NINE DOLLARS AND NINETY-NINE CENTS) be paid immediately from the COURT OF CLAIMS FUND as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $4,537.51 be referred forthwith to the General Assembly for its approval.